# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELGRET L. BURDEX, | ) |
| Plaintiff, | ) |
| vs. | ) NO. CIV-08-1032-D |
| SHANE WYATT, | ) |
| Defendant. | ) |

## O R D E R

Plaintiff, a state prison appearing *pro se* and *in forma pauperis*, brought this action pursuant to 42 U. S. C. § 1983, alleging Defendants violated his constitutional rights during his incarceration as a pretrial detainee at the Grady County, Oklahoma Law Enforcement Center ("Grady County Center").[1]  Plaintiff names as defendants 1) Shane Wyatt ("Wyatt"), the warden/jail administrator of the Grady County Center; 2) Susan Winchester (" Ms. Winchester") in her capacity a member of the Board of County Commissioners of Grady County[2]; 3) Lieutenant Larry McGill ("McGill") of the Grady County Center; 4) Lieutenant Bill Daugherty ("Daugherty") of the Grady County Center; 5) Charlene Douchet, nurse assistant at Grady County Center; and 6) the Board of County Commissioners of Grady County, Oklahoma ("Commissioners").[3]  In accordance with 28 U. S. C. § 636(b)(1)(B) and (C), this matter was referred to United States Magistrate Judge Bana Roberts for initial proceedings.

---

[1] Plaintiff was subsequently transferred into the custody of the Oklahoma Department of Corrections ("DOC") and is now incarcerated at the Lawton, Oklahoma Correctional Facility.

[2] As discussed herein, Ms. Winchester denied that she was a member of the Grady County Board of Commissioners, and presented undisputed evidence to support her denial.

[3] The record reflects that Plaintiff has twice amended his complaint; his original and Amended Complaints named Dr. LaFoon and Dr. Belt as defendants, but they were not named in the Second Amended Complaint [Doc. No. 12], nor were they served with process.  As a result, they have been terminated.  *See* December 23, 2008 docket entry. In the Second Amended Complaint, Plaintiff added the Commissioners as a named defendant.

As more specifically explained herein, Defendants filed motions to dismiss or for summary judgment, and Plaintiff also filed a motion for summary judgment. In addition, Plaintiff filed a motion for appointment of counsel. In a January 27, 2011 Report and Recommendation [Doc. No. 53], the Magistrate Judge addressed six pending motions: Winchester's motion to dismiss [Doc. No. 37], which was construed as a motion for summary judgment[4]; Plaintiff's motion for summary judgment [Doc. No. 38]; Douchet's motion for summary judgment [Doc. No. 39]; the joint motion for summary judgment of Daugherty and McGill [Doc. No. 40]; Wyatt's summary judgment motion [Doc. No. 41]; and Plaintiff's motion for appointment of counsel [Doc. No. 46]. In the Report and Recommendation, the Magistrate Judge recommended the Court grant summary judgment in favor of all Defendants and against Plaintiff; she also recommended denial of Plaintiff's summary judgment motion as well as his motion seeking appointment of counsel. Finally, she recommended that Plaintiff's claims against the Commissioners be dismissed without prejudice for failure to perfect service of process. Plaintiff was granted an extension of the deadline for objecting to the Report and Recommendation, and he filed an objection within the extended time period. Accordingly, the matters are reviewed *de novo.*

As explained in the Report and Recommendation, Plaintiff asserts several claims. These include a violation of due process resulting from his alleged punishment without a disciplinary hearing and without notice of the rules he was found to have violated. Plaintiff also contends he was denied access to the courts because he was not permitted to use a law library. In addition, he alleges the living conditions at the Grady County Center were "inhumane" because the facility was

---

[4]The record reflects that, in an October 7, 2010 Order [Doc. No. 49] the Magistrate Judge notified Plaintiff that Winchester's motion would be treated as a motion seeking summary judgment because it relied in part on matters outside the pleadings. In that Order, Plaintiff was given leave to respond to the motion and submit evidentiary materials outside the pleadings; Plaintiff did not file a response.

overcrowded and because the cells contained asbestos, lead paint, and mold; he also contends there was no hot water and no towel racks, and his drinking cup was unwashed. Further, he alleges he had no "out of cell" recreation, and his cell was not equipped with a panic button to allow him to get an officer's attention in an emergency. Additionally, Plaintiff contends he was denied adequate medical treatment because Defendants delayed his receipt of heart medication; he also alleges they allowed untrained personnel to take his blood pressure, perform diabetes tests, and dispense prescribed medications. Plaintiff also complains he was discriminated against because, as a county detainee, he was housed in a facility having inferior conditions to the facility in which federal detainees were housed. He also claims federal detainees received supplies that were of a better quality than those provided to county detainees; he contends federal detainees also received supplies in a more timely fashion than county detainees.

In his prayer for relief, Plaintiff seeks compensatory and punitive damages. He also asks that "all violations" be corrected.[5]

Summary judgment may be granted where the undisputed material facts establish that one party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one which may affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "[T]he requirement that a dispute be 'genuine' means simply that there must be more than 'some metaphysical doubt as to the material facts.'" *Anderson*, 477 U.S. at 260-261(quoting *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

---

[5]As the Magistrate Judge correctly concluded, Plaintiff's request for correction of alleged violations is now moot because he is no longer incarcerated at the Grady County Center. Thus, to the extent this request is construed as seeking injunctive relief, it has been rendered moot. *See, e.g., McAlpine v. Thompson*, 187 F. 3d 1213, 1216-18 (10th Cir. 1999).

To avoid summary judgment, a plaintiff must present more than a "mere scintilla" of evidence; the evidence must be such that "a reasonable jury could return a verdict for the non-moving party." *Id.* The facts in the record and reasonable inferences therefrom must be viewed in the light most favorable to the nonmoving party. *MacKenzie v. City & County of Denver*, 414 F. 3d 1266, 1273 (10th Cir. 2005). Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, a defendant is entitled to judgment on that cause of action. *Celotex,* 477 U.S. at 322. However, it is not the responsibility of the summary judgment movant to disprove the plaintiff's claim; rather, the movant need only point to "a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F. 3d 664, 671 (10th Cir. 1998). The burden then shifts to the nonmovant to "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id.* (citations omitted).

In opposing a summary judgment motion, a plaintiff cannot rely on the allegations in his complaint, his personal beliefs, or conclusory assertions; rather, he must come forward with evidence outside the pleadings sufficient to create a factual dispute with regard to the issue on which judgment is sought. Fed.R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324. The facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein. *Adler*, 144 F. 3d at 671 (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir. 1992), *cert. denied,* 506 U.S. 1013 (1992)). Conclusory arguments in the nonmovant's brief are not sufficient to avoid summary judgment. *Harvey Barnett, Inc. v. Shidler*, 338 F. 3d 1125, 1136 (10th Cir. 2003) ("[c]onclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment."); *Adler,* 144 F. 3d at 671-72. It is not the responsibility of the court

to attempt to locate evidence not cited by Plaintiff which could support his contentions. *Id.*

In the Report and Recommendation, the Magistrate Judge discussed the undisputed facts in the record in detail, and applied those facts to the claims asserted against each defendant in light of the law governing § 1983 actions. The Court will not repeat that discussion here, but has reviewed the same and finds it accurately reflects the underlying facts and applies the correct legal standards governing Plaintiff's constitutional rights claims.

With respect to Ms. Winchester's motion to dismiss [Doc. No. 37], the Magistrate Judge converted that motion to one seeking summary judgment. Ms. Winchester denied that she had served as a Commissioner for Grady County at any time relevant to Plaintiff's claims; instead, she served as an Oklahoma State Representative, and she denied having any authority to supervise or control the Grady County Center. Because she submitted material outside the pleadings in the form of a sworn affidavit to support her denial, the Magistrate Judge notified Plaintiff that the motion would be construed as a summary judgment motion and allowed him to respond to the affidavit. Plaintiff did not respond. As the Magistrate Judge correctly noted, § 1983 claims require, as an essential element, evidence that the defendant personally participated in the alleged constitutional rights deprivation. *See, e.g., Coleman v. Turpen*, 697 F. 2d 1341, 1346 n. 7 (10th Cir. 1982). The undisputed evidence reflects that, during the time period on which Plaintiff's claims are based, Ms. Winchester served as a State Representative and had no authority over the Grady County Center; Plaintiff offers no evidence that she personally participated in any alleged violation of his constitutional rights. Plaintiff offers no contrary argument or authority in his objection to the Report and Recommendation. Accordingly, Ms. Winchester's motion for summary judgment is granted.

Douchet's motion [Doc. No. 39], the joint motion of Daugherty and McGill [Doc. No. 40],

and Wyatt's motion [Doc. No. 41] all seek summary judgment because Plaintiff failed to fully exhaust his administrative remedies as to certain claims. With respect to exhausted claims, these motions argue each movant is entitled to qualified immunity because Plaintiff failed to present evidence to show a violation of his constitutional rights. In the Report and Recommendation, the Magistrate Judge agreed that the undisputed material facts support these arguments, and she recommended the Court grant the motions.

The Magistrate Judge discussed in detail the law governing exhaustion of administrative remedies, and she correctly applied that law to the facts of this case. *See* Report and Recommendation, pages 8-13. The Court need not repeat that discussion, but adopts it as though fully set forth herein. In brief summary, the Magistrate Judge correctly noted that a prisoner must exhaust all available administrative remedies before filing a § 1983 action in federal court. *See* 42 U. S. C. § 1997e(a); *Jones v. Bock*, 549 U. S. 199, 211 (2007). The record in this case reflects that Plaintiff did not exhaust his remedies with respect to his claims based on alleged imposition of disciplinary action without due process. Nor did he exhaust remedies on his claims alleging delayed receipt of prescription medications and improper distribution of such medications by allegedly untrained personnel. Furthermore, he did not exhaust administrative remedies on his claim of discriminatory treatment favoring federal detainees.

In his objection to the Report and Recommendation, Plaintiff repeats the contention made in response to the summary judgment motions that he was not aware of the Grady County Center's grievance procedures. That contention was rejected by the Magistrate Judge in the Report and Recommendation; as she pointed out, the record reflects Plaintiff was aware of the procedures because he pursued administrative remedies with respect to some of the claims he asserts in this

6

action. The evidence negates Plaintiff's conclusory argument that he was not aware of the required procedures. In his objection, Plaintiff argues in general terms that the Court cannot properly make credibility determinations in ruling on a summary judgment motion. Although that is correct, summary judgment is not precluded where one party's version of the facts is "blatantly contradicted by the record, so that no reasonable jury could believe it." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Summary judgment is properly granted on the claims on which Plaintiff failed to exhaust his administrative remedies.

With respect to the arguments of Wyatt, Douchet, Daugherty, and McGill that they are entitled to qualified immunity on the claims for which Plaintiff did exhaust his administrative remedies, the Magistrate Judge discussed in detail the factual bases for these claims as well as the standards governing qualified immunity. Qualified immunity protects government officials from liability for civil damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U. S. 800, 818 (1982). To overcome a qualified immunity defense, a plaintiff must show that 1) the defendant violated his constitutional or statutory right; and 2) the right violated was clearly established at the time of the alleged violation. *Swanson v. Town of Mountain View*, 577 F. 3d 1196, 1199 (10th Cir. 2009) (citing *Pearson v. Callahan*, 555 U. S. 223, 129 S. Ct. 808 (2009)).

In this case, the Magistrate Judge concluded that Wyatt, Douchet, Daugherty and McGill are each entitled to judgment on qualified immunity grounds because Plaintiff has failed to present evidence that any of the moving defendants violated Plaintiff's constitutional or statutory rights. She analyzed the evidence in the record with respect to Plaintiff's claims of denial of access to the courts based on an inadequate law library, his claims that his conditions of confinement violated the Eighth

7

Amendment, and his claims that inadequate medical care violated the Eighth Amendment. She discussed at length Plaintiff's allegations underlying each of these contentions, the evidence related to each, and the law governing denial of access to the courts and Eighth Amendment claims. Report and Recommendation, pages 14-25. The Court has reviewed the Report and Recommendation in light of the record and the governing law. Having done so, the Court concludes that, for the reasons set forth in the detailed discussion in the Report and Recommendation, the Magistrate Judge correctly concluded that Plaintiff cannot establish that any of the movants violated his constitutional rights on the grounds asserted by Plaintiff. Consequently, Plaintiff cannot establish the initial prong of the two-part requirement for overcoming a claim of qualified immunity. *See Pearson*, 555 U. S. at __, 129 S. Ct. at 818. Having so concluded, the Court need not address the second prong. *Id.*

In his objection to the Report and Recommendation, Plaintiff does not point to evidence in the record to support the foregoing claims. He argues only that disputed material facts should preclude summary judgment on these contentions. While he is correct that summary judgment is not proper where material facts are disputed, Plaintiff fails to point to evidence in the record which he believes create such factual disputes. His conclusory arguments are insufficient. *See Adler*, 144 F. 3d at 671. The Court concludes that Wyatt, Douchet, Daugherty and McGill are entitled to qualified immunity on the exhausted constitutional claims asserted against them in their individual capacities, and their motions for summary judgment are granted as to those claims.

Defendants Wyatt, Douchet, Daugherty and McGill also seek judgment on Plaintiff's claims asserted against them for monetary damages in their official capacities. As the Magistrate Judge correctly noted, suits against government officials in their official capacities are, in effect, suits against the government entities employing those officials. *See Kentucky v. Graham*. 473 U. S. 159,

165 (1985). To prevail on his official capacity suit claims against these defendants in this case, Plaintiff must allege and prove that the alleged deprivation of his rights was based on an official policy or custom of the Grady County Center. As the Magistrate Judge noted, Plaintiff failed to allege the existence of a policy on custom on which he relies; furthermore, the record reflects no evidence to support such an allegation.

Moreover, as the Magistrate Judge also pointed out, individual supervisors cannot be liable under § 1983 for the conduct of the employees under their supervision; § 1983 liability cannot be based on a theory of *respondeat superior*. *See Dodds v. Richardson*, 614 F. 3d 1185, 1194-96 (10th Cir. 2010). Supervisors "are only liable under § 1983 for their own culpable involvement in the violation of a person's constitutional rights." *Serna v. Colorado Dept. of Corrections*, 455 F. 3d 1146, 1151 (10th Cir. 2006). As the Magistrate Judge concluded, Plaintiff has failed to present facts to show that these defendants personally participated in the conduct which he contends violated his rights. There is no evidence in the record to support a contention that the movants personally participated in the alleged constitutional violations. The Court agrees that Wyatt, Douchet, Daugherty and McGill are entitled to judgment to the extent they are sued in their official capacities.

Accordingly, based on the foregoing, Wyatt, Douchet, Daugherty, and McGill are entitled to judgment on all claims asserted against them in their individual and their official capacities. Judgment shall enter in their favor.

Plaintiff also attempts to assert these claims against the Commissioners; although not named in the original or Amended Complaint, Plaintiff added the Commissioners in his Second Amended Complaint. In addressing Plaintiff's claims against the Commissioners, the Magistrate Judge noted that, despite naming the Commissioners, Plaintiff never served the Commissioners with process.

The time for doing so expired long ago, and Plaintiff never attempted to show cause for his failure to perfect service within 120 days of filing the Second Amended Complaint, as required by Fed. R. Civ. P. 4(m).

In the Report and Recommendation, the Magistrate Judge noted that the Court may, in the exercise of its discretion, grant Plaintiff an extension of time in which to serve the Commissioners or dismiss his claim against them without prejudice. *Espinoza v. United States*, 52 F. 3d 838, 841 (10th Cir. 1995). She recommended that, under these circumstances, a permissive extension of time to serve the Commissioners is not warranted; as she noted, doing so would be futile because Plaintiff's Second Amended Complaint contains insufficient factual allegations to support a claim for relief against the Commissioners and, as a result, the claims would be subject to dismissal. The Court agrees. Accordingly, the claim against the Commissioners is dismissed without prejudice to the filing of a new action against them.

The Magistrate Judge also addressed in the Report and Recommendation both Plaintiff's motion for summary judgment and his motion for appointment of counsel.

With respect to his summary judgment motion, she correctly concluded that, for the reasons the defendants are entitled to judgment, Plaintiff's motion must be denied. Judgement will be entered in favor of Defendants and against Plaintiff on the claims discussed, *supra.*

With respect to Plaintiff's motion for appointment of counsel, the Magistrate Judge correctly noted that the Court is authorized to appoint counsel for indigent litigants in civil cases. 28 U. S. C. § 1915(e)(1). In exercising that discretion, the Court considers several factors, including the merits of Plaintiff's claims, the nature of the factual issues involved, Plaintiff's ability to present the claims, and the complexity of the legal issues presented. *Rucks v. Boergermann*, 57 F. 3d 978 (10th Cir.

1995). The Court agrees with the Magistrate Judge that appointment of counsel is not warranted in this case. Although the Court has concluded that Plaintiff's claims lack merit, the record reflects they are neither factually nor legally complex; furthermore, Plaintiff has presented them in a cogent manner, and he has demonstrated his ability to file motions, seek amendment, and follow procedural rules. The Court concludes this is not an appropriate case for appointment of counsel.

For the foregoing reasons, the Court adopts the Report and Recommendation [Doc. No. 53] as though fully set forth herein. The motions for summary judgment of Ms. Winchester [Doc. No 37], Douchet [Doc. No. 39], Daugherty and McGill [Doc. No. 40], and Wyatt [Doc. No. 41] are GRANTED, the summary judgment motion of Plaintiff [Doc. No. 38] is DENIED; judgment shall enter accordingly. Plaintiff's motion for appointment of counsel [Doc. No. 46] is DENIED. The claims against the Commissioners are dismissed without prejudice for failure to perfect service of process. Inasmuch as no other claims remain in this action, this action will be closed. If Plaintiff chooses to pursue claims against the Commissioners, he may file a new lawsuit to assert those claims.

IT IS SO ORDERED this 10th day of March, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE